**Khuldeep Singh DHILLON, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 06–72060.

United States Court of Appeals, Ninth Circuit.

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of

Submitted Dec. 3, 2007 \*\*.

Filed Jan. 18, 2008.

Paul M. Kaplan, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Pedro De La Torre, Esq., San Francisco, CA, DOJ–U.S. Department of Justice the Curtis Center, Philadelphia, PA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Khuldeep Singh Dhillon petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Im-

---

the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

migration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Because "the BIA review[ed] the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review de novo Dhillon's allegation of a due process violation, *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir.1994), which we find to be without merit. We review for substantial evidence the BIA's determination that changed country conditions and the ability to relocate within India rebut the presumption that Dhillon has a well-founded fear of persecution, *see Marcu v. INS*, 147 F.3d 1078, 1081–82 (9th Cir.1998), and we deny the petition.

■ Dhillon claims his due process rights were violated because various transcription and interpretation errors resulted in lost testimony. Dhillon's due process claim fails, however, because the outcome of his hearing was not prejudiced by these errors. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000); *Hartooni*, 21 F.3d at 340.

■ Substantial evidence supports the BIA's finding that Dhillon does not have a well-founded fear of future persecution. That evidence indicates that internal relocation is a feasible option. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003); *cf.* 8 C.F.R. § 1208.13(b)(3)(ii); *Singh v. Moschorak*, 53 F.3d 1031, 1034 (9th Cir.1995).

Additionally, the BIA correctly concluded that Dhillon's alleged fear of future persecution was undercut because Dhil-

lon's similarly situated uncle has not been persecuted. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001).

In sum, it cannot be said that the evidence presented by Dhillon was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

■ Because Dhillon did not establish that he was eligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Substantial evidence supports the BIA's denial of Dhillon's CAT claim. The BIA reasonably concluded that the abuse Dhillon allegedly suffered did not amount to torture, *see Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995), and that Dhillon's ability to relocate within India suggests there is a de minimis risk that he will be subjected to torture if returned to India, *see* 8 C.F.R. § 208.16(c)(3)(ii), (iv); *Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004); *Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

We therefore conclude that the BIA's determination was supported by substantial evidence and that Dhillon's asylum, withholding of removal, and CAT claims fail.

**PETITION DENIED.**

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.